IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GARY L. RAYBURN                                                              PLAINTIFF

            v.                      Civil No. 04-4147

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION

Gary L. Rayburn (hereinafter "Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his applications for supplemental security income (hereinafter "SSI") benefits, pursuant to *§ 1602 of Title XVI, 42 U.S.C. § 1381a[1]*.

Plaintiff, whose date of birth is March 20, 1973, was 30 years of age at the time of the ALJ's decision (T. 10). Plaintiff has the equivalent of a high school education (T. 166, 86). Plaintiff's past relevant work includes: long haul driving, loading and unloading tractor trailer rigs and large trucks; and, chopping and selling firewood (T. 165).

Plaintiff alleges an inability to work due to: hemangioma/tumor of the sacrum; lumbar pain; bilateral radicular pain in the lower extremities; muscle spasms; large disc bulge at L5-S1; numbness; weakness/fatigue; nausea; swelling; depression; and, numerous side effects of his multiple pain medications.

The Social Security Administration denied plaintiff's applications initially and on

---

[1]Although the record does not contain a copy of the applications, the ALJ states that two SSI applications are decided by his decision. The first application was dated June 26, 2002, and the second was dated March 7, 2003 (T. 10). Plaintiff does not dispute this information (Doc. #9).

reconsideration. Plaintiff then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on March 16, 2004, before ALJ Lesly W. Mattingly in Texarkana, Arkansas (T. 143-170). The ALJ rendered a decision adverse to Plaintiff on August 11, 2004 (T. 13-21).

The Plaintiff then petitioned the Appeals Council for review on August 26, 2004 (T. 6). The Appeals Council denied review on October 9, 2004 (T. 3-5), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the unfavorable decision (Doc. #1, 9). This matter is before the undersigned by consent of the parties (Doc. #6).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See *Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000)*. Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See *Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000)*. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see *id.*, or because we would have decided the case differently. See *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*.

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

AO72A
(Rev. 8/82)

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*. Such documentation, as referred to

AO72A
(Rev. 8/82)

within the regulations, is referred to as the PRT factors, mentioned previously.

**Discussion:**

The ALJ evaluated the plaintiff's claim according to the five-step sequential evaluation analysis prescribed by the social security regulations. See *20 C.F.R. §§ 404.1520(a)-(f);* see also *Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step analysis). At the first step, the ALJ found the plaintiff had not engaged in substantial gainful activity since his alleged date of his applications (T. 10). At the second step, the ALJ determined that the plaintiff had severe, medically determinable impairments, but no impairment or impairments that meet or equal the level of severity for any impairment listed in *Appendix 1, Subpart P, Regulations No. 4* (T. 10). See *20 C.F.R. § 404.1521; Bowen v. Yuckert, supra.* At Step 4 of the sequential analysis, the ALJ determined that Plaintiff retained the residual functional capacity to perform a limited range of sedentary work, but could not return to his past relevant work (T. 15). The ALJ then determined, at the final step of the sequential analysis, that Plaintiff is not disabled as the VE testimony established that there are jobs in sufficient numbers which Plaintiff can perform (T. 14-16).

Plaintiff raises several arguments on appeal, however, the primary question before the undersigned is whether the ALJ properly considered Plaintiff's alleged lack of financial resources with which to obtain medication and treatment. This issue is relevant in light of the ALJ's finding that the Plaintiff's failure to avail himself of surgical treatment is a sufficient to detract from Plaintiff's credibility.

The ALJ stated:

> Failure to seek medical attention is inconsistent with complaints of disabling pain. <u>Anderson v. Chater</u>, 73 F.3d 366 (8th Cir.1995). Also, allegations of disabling pain may be discredited by evidence that the claimant has received only minimal medical treatment. <u>Haynes v. Shalala</u>, 26 F.3d 812, 814 (8th Cir.1994). **Although the record shows the claimant pursued care for his back fairly consistently, it does not appear that he is willing to proceed with any type of surgery to correct his back problems, even though this has been advised. Also, there is nothing in the record that suggests that he is consistently pursuing physical therapy or any other non-invasive treatments (other than medication) that might alleviate his pain.**

(T. 13)(emphasis added).

Generally, if a claimant does not follow a prescribed treatment plan without a good reason, he or she will not be found disabled. *20 C.F.R. § 416.930(b) (1984)*. However, the lack of financial resources to pay for medical treatment and/or medication may justify the failure to pursue treatment or follow a treatment plan. *Brown v. Heckler 767 F.2d 451, 452 (8th Cir.1985); Tome v. Schweiker, 724 F.2d 711, 714 (8th Cir.1984)*.

Here, the issue of a lack of financial means was raised by the Plaintiff on a number of occasions, including during his administrative hearing. The following information was provided to the ALJ during the administrative hearing:

Q  Can you afford to see doctors when you need to?

A  No. I got a pile of prescriptions right now I can't get filled.

(T. 150).

The testimony also revealed that Plaintiff "run (sic) out of money" when he tried to attend college in order to prepare for a new vocation (T. 166). Additionally, Plaintiff's treating physician, Dr. Charles Marrow, specifically noted that Plaintiff has "no money to pay for [his lumbar spine] surgery" (T. 122). The record also reveals that the medical treatment that Plaintiff

-5-

did obtain was linked to his Worker's Compensation claim. Plaintiff claimed that he injured his lumbar spine while on a job. Plaintiff's litigation for benefits from his Worker's Compensation claim is documented included in the record (T. 55-65). The receipt of the total of his medical treatment as a result of his Worker's Compensation claim adds credibility to Plaintiff's claims of a lack of financial means with which to obtain medical treatment, surgery and prescription medications.

The ALJ does not discuss the impact of plaintiff's alleged lack of finances on his ability to access treatment, specifically the recommended lumbar surgery. This constitutes error. To the extent the ALJ found plaintiff not entirely credible, due to a lack of medical treatment and/or prescription medication, we note the previously mentioned record citations in which the Plaintiff testified to and otherwise reported his lack of financial means. The record reflects Plaintiff had no income and no money with which to obtain medical treatment and/or prescription medications. Despite the Plaintiff's alleged inability to obtain treatment due to a lack of financial means, the ALJ failed to address this issue when determining that Plaintiff was not credible or disabled.

The ALJ also failed to adequately discuss the Plaintiff's prescriptions for pain medications and muscle relaxers, namely Soma, Vicodin, Darvocet, Ultracet, Flexeril, Lortab 10 mg, Talwin, Tylenol 3 with Codiene, Hydrocodone and epidural steriod injections. Plaintiff's testimony and the notes of his treating physician, Dr. Marrow, reflect that Plaintiff was often prescribed two or three of the above pain medications to be taken together. Likewise, the record reflects that Plaintiff reportedly experienced side effects as a result of the prescribed medications. Yet, the ALJ's decision contains no mention of Plaintiff's alleged inability to

AO72A
(Rev. 8/82)

obtain the prescribed medications, the medications themselves, the use of these medications in concert with one another or the side effects reported. This, too, is error.

Certainly, the failure to follow a prescribed course of treatment may be excused by a plaintiff's lack of funds. *Tome v. Schweiker, 724 F.2d at 714.* Likewise, medication or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered. To a poor person, a medicine that he cannot afford to buy does not exist. *Dover v. Bowen, 784 F.2d 335, 337 (8th Cir.1986); Benson v. Heckler, 780 F.2d 16, 18 (8th Cir.1985); Tome v. Schweiker, 724 F.2d at 714.*

Upon remand, the ALJ should consider and discuss what effect, if any, Plaintiff's alleged lack of financial means to obtain his prescribed pain medications had on the Plaintiff's claim for disability, as well as Plaintiff's credibility. Likewise, the record should be fully and fairly developed upon remand. The Worker's Compensation judgment (T. 55-65) references medical records not included in the administration record submitted by the ALJ. Likewise, Plaintiff's counsel indicated at hearing that he would submit further medical records after the hearing. However, there is no notation in the hearing transcript to indicate that the record was re-opened to include such records. Lastly, on remand, the ALJ should obtain a psychiatric consultative evaluation of Plaintiff. The record evidence indicates that Plaintiff suffers from depression, but the ALJ's decision contains no psychiatric review technique findings. Even the consultative physical examiner noted Plaintiff's obvious depression. This issue must be addressed by the ALJ.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan, 932 F.2d 1234, 1239*

*(8th Cir. 1991).*

**Conclusion:**

Accordingly, we conclude that the ALJ's decision denying SSI benefits to the Plaintiff is not supported by substantial evidence and should be reversed. We further conclude that this matter should be remanded to the Commissioner for further consideration consistent with this decision.

ENTERED this 7th day of December, 2005.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)